IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WWD PARTS, INC., d/b/a PARTS FOR IMPORTS, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHAMPION LABORATORIES, INC.; PUROLATOR FILTERS N.A. LLC; HONEYWELL INTERNATIONAL, INC.; WIX FILTRATION CORP., LLC; CUMMINS FILTRATION, INC.; THE DONALDSON COMPANY; BALDWIN FILTERS, INC.; ROBERT BOSCH LLC; MANN + HUMMELL U.S.A., INC. and ARVINMERITOR, INC.<br><br>Defendants. | Case No. 08-353-JPG<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff WWD Parts, Inc., d/b/a Parts for Imports, on behalf of itself and all others similarly situated, files this Class Action Complaint ("Complaint") against Defendants Champion Laboratories, Inc.; Purolator Filters N.A. LLC; Honeywell International Inc.; Wix Filtration Corp., LLC; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Robert Bosch LLC; Mann + Hummell U.S.A., Inc. and ArvinMeritor, Inc. (collectively "Defendants") and alleges as follows upon information and belief, except as to itself and as otherwise noted:

### I. FACTUAL SUMMARY

1.  All cars and trucks require various filters to function properly. They require oil

filters to remove debris from the oil that lubricates the engine. They require fuel filters to keep impurities and rust away from the fuel injector nozzles and the combustion chamber. They require transmission filters to purify contaminants in the transmission fluid and to preserve the transmission gears. And they require air filters to prevent harmful particulates from entering the engine.

2.  These filters wear out over time. Manufacturers of cars and trucks suggest their replacement at various time and/or mileage intervals. Owners should, and largely do, replace them accordingly. This common maintenance practice generates a multibillion dollar market for replacement oil, fuel, transmission and air filters – together "Filters."

3.  In 1999-2000 and again in 2004, the prices of Filters increased sharply, raising revenues that Defendants received for the sale of millions of individual Filters and raising costs to thousands, if not hundreds of thousands, of direct purchasers.

4.  As detailed below, a former employee of one of the Defendants, in the course of litigation against that former employer, revealed – in a sworn affidavit – that he had been witness to price fixing communications among Defendants relating to Filters.

5.  This action seeks redress for Defendants' (or their predecessors', subsidiaries' or affiliates') anticompetitive conspiracy to raise, fix, maintain and/or stabilize prices for Filters in the United States.

6.  Many of the allegations contained herein, particularly those with respect to specific meetings between Defendants, are based on alleged recorded conversations and the personal knowledge of a former National Accounts and Division Sales Manager of Defendant Champion Laboratories, Inc.

7.  Upon information and belief, this former employee will testify that Defendants conspired and agreed to coordinate future price increases, rig bids and allocate customers from at least January 1, 1999 to the present (the "Class Period").

8.  As a Division Sales Manager responsible for monitoring and coordinating terms of sales, the former employee was privy to, among other things, exchanges of confidential pricing materials by which Defendants unlawfully agreed to the timing and magnitude of price increases during the Class Period.

9.  Because of Defendants' wrongful conduct, Plaintiff and the other members of the Class (as defined in Part X *infra*) paid artificially inflated prices for Filters, thereby suffering antitrust injury to their business and property. Defendants' actions constitute *per se* violations of Section 1 of the Sherman Act.

10. This action seeks to recover damages and injunctive relief on behalf of Plaintiff and a nationwide class of direct purchasers of Filters pursuant to Section 1 of the Sherman Act and Section 4 of the Clayton Act.

## II. JURISDICTION AND VENUE

11. This Complaint is brought pursuant to 15 U.S.C. §§ 15 and 26, to recover treble damages, equitable relief, and the expenses and costs of suit for injuries sustained by Plaintiff and the Class resulting from Defendants' violations of 15 U.S.C. § 1. Subject matter jurisdiction exists pursuant to 15 U.S.C. § 15(a) and 28 U.S.C. §§ 1331, 1337.

12. Defendants are found or transact business within this district and Defendants' interstate trade and commerce is carried out, in substantial part, in this district. Venue exists in this district under 15 U.S.C. § 22 and 28 U.S.C. §1391(b) and (c).

13. This Court has personal jurisdiction over each Defendant because, *inter alia*, each Defendant: (a) transacted business throughout the United States, including in this district; (b) manufactured, sold, shipped and delivered substantial quantities of Filters throughout the United States, including in this district; (c) had substantial contacts with the United States, including in this district; and (d) was engaged in an illegal scheme and price-fixing conspiracy that was directed at and had the intended effect of causing injury to persons residing in, located in, or doing business throughout the United States, including in this district.

### III. THE PARTIES

14. Plaintiff WWD Parts, Inc., d/b/a Parts for Imports, is a corporation organized under the laws of the State of New Jersey and is located at 4131 Marlton Pike, Pennsauken, NJ 08109. During the Class Period, Plaintiff directly purchased Filters from one or more Defendants and paid artificially inflated prices for these Filters as a result of Defendants' antitrust violations.

15. Defendant Purolator Filters N.A. LLC ("Purolator LLC") is headquartered in Fayetteville, North Carolina, with its principal mailing address, as listed with the North Carolina Secretary of State, at 2800 South 25th Avenue, Broadview, Illinois 60565. Purolator LLC is a joint venture between Robert Bosch LLC and Mann + Hummel U.S.A., Inc.

16. Robert Bosch LLC ("Bosch") is headquartered in Broadview, Illinois, with its business address located at 2800 S. 5th Avenue, Broadview, Illinois 60155.

17. Mann + Hummel U.S.A., Inc. ("Mann + Hummel"), is headquartered in Portage, Michigan, with its business address at 6400 South Sprinkle Road, Portage, Michigan 49002.

18. Defendant ArvinMeritor, Inc. ("ArvinMeritor") is headquartered in Troy,

Michigan, with its business address at 2135 West Maple Road, Troy, Michigan 48084. ArvinMeritor owned Purolator LLC from January 1999 through March 2006, at which point it sold Purolator LLC to Bosch (then operating as Robert Bosch Corporation) and Mann + Hummel. All of these business entities – Purolator LLC, Bosch, Mann + Hummel, and ArvinMeritor – are collectively referred to as "Purolator."

19. Defendant Champion Laboratories, Inc. ("Champion") is headquartered in Albion, Illinois, with a business address at 200 S. Fourth Street, Albion, Illinois 62806.

20. Defendant Wix Filtration Corp. LLC ("Wix") is headquartered in Gastonia, North Carolina, with its principal mailing address, as listed with the North Carolina Secretary of State, at 1101 Technology Drive, Ann Arbor, Michigan 48108.

21. Defendant Honeywell International, Inc. ("Honeywell") is headquartered in Morristown, New Jersey, with its business address at 101 Columbia Road, Morristown, New Jersey 07962. Honeywell manufacturers and distributes Filters under the "FRAM" brand name.

22. Defendant Cummins Filtration, Inc. ("Cummins") is headquartered in Nashville, Tennessee, with its business address at 2931 Elm Hill Pike, Nashville, Tennessee 37214.

23. Defendant The Donaldson Company ("Donaldson") is headquartered in Minneapolis, Minnesota, with its business address at 1400 West 94th Street, Minneapolis, Minnesota 55431.

24. Defendant Baldwin Filters, Inc. ("Baldwin") is headquartered in Kearney, Nebraska, with its business address at 4400 E. Highway 30, Kearney, Nebraska 68848.

## IV. FACTUAL ALLEGATIONS

A.  **Overview of the Replacement Filters Market**

25.  Oil, air, fuel and transmission filters are primarily sold into two separate channels: (i) to Original Equipment Manufacturers ("OEM") and (ii) to aftermarket sellers of replacement Filters ("Aftermarket Sellers").

26.  OEMs purchase filters for use in connection with new vehicles. These filters are installed in vehicles during the production process.

27.  Aftermarket Sellers purchase Filters directly from Defendants for wholesale or retail sale to the public, either (i) in connection with professional services rendered to an indirect purchaser (for example, an oil filter sold to a customer as part of an oil change) or (ii) for individuals to replace their own Filters.

28.  Defendants are the primary manufacturers of Filters purchased by Aftermarket Sellers, and this litigation involves a conspiracy to fix the prices for replacement Filters bought by the direct purchasers of Filters in the Aftermarket.

29.  The manufacture of Filters in the United States is highly concentrated, with just a handful of major producers manufacturing and producing these products. This concentration, as well as interlocking business arrangements, assisted Defendants in successfully implementing their conspiracy. For example, in April 2006, ArvinMeritor sold Purolator LLC to Bosch and Mann + Hummel. Bosch and Mann + Hummel now operate Purolator LLC as a joint venture. Mann + Hummel CEO, Dieter Seipler, has stated that "it was a natural alliance because Bosch is a major private-brand customer for Mann + Hummel in Europe and in other regions of the world."

30. Annual revenues generated from the sale of Filters in the United States are approximately $3 billion to $5 billion.

**B.     Defendants' Unlawful Conduct**

31. Beginning at least as early as January 1, 1999 and continuing thereafter, Defendants and their co-conspirators participated in a continuing agreement, combination and conspiracy to artificially fix, raise, maintain or stabilize prices for Filters in the United States. Defendants acted in furtherance of their scheme by, among other things, (i) having their officers and/or representatives meet at industry trade shows and other locations to set prices, and (ii) exchanging confidential information regarding pricing.

32. As a result of their unlawful actions, Defendants were able to impose coordinated price increases for Filters.

33. Defendants' unlawful conduct took many forms, including but not limited to:

   a. attending meetings and/or otherwise exchanging information regarding the pricing and sale of Filters;

   b. selling Filters to customers at collusive and non-competitive prices;

   c. agreeing to sell Filters at specified, pre-arranged prices;

   d. agreeing not to compete for each other's customers;

   e. accepting payment at non-competitive prices;

   f. giving actual and/or apparent authority to employees' participation in furtherance of the wrongful conduct; and

   g. fraudulently concealing their wrongful conduct.

34. Upon information and belief, Defendants engaged in repeated in-person meetings

to further their anticompetitive scheme. Many of these meetings occurred at the annual Filter Manufacturers Council meeting held in Nashville, Tennessee. The Filter Manufacturers Council is a trade organization comprised of Defendants and other industry participants.

35. On March 25, 2008, William G. Burch, a former National Accounts and Division Sales Manager for Defendant Champion, executed an affidavit under oath, made on the basis of personal knowledge, which states as follows:

    a. Mr. Burch "became aware that Champion was involved in activities with Champion's competitors that constitute price-fixing. For example, Champion provided information concerning price increases to competitors before it provided that information to consumers or to the general public. Champion was also given advance information about price increases by its competitors. Further information is set forth accurately and in detail in the mediation statement dated September 21, 2007, that I understand will be filed under seal in this case."

36. In sworn responses to interrogatories, Mr. Burch also verified that documents produced by him to Defendant Champion detailed fourteen instances of horizontal price-fixing between Champion and its competitors, and that he produced to Champion eight separate audio tape recordings, which included twenty-three audio segments that detailed the conspiracy among the horizontal "competitors" to fix and/or raise the price of Filters.

37. Defendants' wrongful conduct was undertaken in order to charge artificially inflated prices for their Filters.

38. Defendants' wrongful conduct deprived Plaintiff and members of the Class the ability to transfer their business in response to price increases.

39.  Had Defendants not engaged in the illegal conduct alleged herein, Plaintiff and members of the Class would have been able to purchase Filters that were competitively priced.

## V. TRADE AND COMMERCE

40.  At all material times, Defendants provided Filters to their customers in interstate commerce.

41.  During the relevant time period, in connection with the purchase and sale of Filters, monies, as well as contracts, bills and other forms of business communication and transactions, were transmitted in a continuous and uninterrupted flow of interstate commerce.

42.  During the relevant time period, various devices were used to effectuate the illegal acts alleged herein, including the United States mail, interstate travel and interstate commerce. The activities of Defendants as charged in this Complaint were within the flow of, and have substantially affected, interstate commerce.

## VI. EFFECTS ON COMPETITION

43.  Defendants' unlawful conduct has stifled competition for Filters and it has had a direct, substantial, and adverse effect on competition by artificially increasing prices and stifling innovation.

## VII. CO-CONSPIRATORS

44.  Whenever a reference in this Complaint is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed or transaction by or through its officers, directors, agents, employees or representatives while they were actively engaged in the management, direction, control, or transaction of the corporation's business or affairs.

45.  The acts alleged in this Complaint to have been done by Defendants were authorized, ordered and condoned by their parent corporations and authorized, ordered and performed by their officers, directors, agents, employees, or representatives while engaged in the management, direction, control or transaction of their business affairs.

46.  Various other persons, firms, and corporations not named as Defendants have participated as co-conspirators in the violations alleged herein and have aided, abetted and performed acts and made statements in furtherance thereof.

## VIII. DAMAGES

47.  As a consequence of Defendants' antitrust violations, Plaintiff and the members of the Class have sustained losses and damage to their business and property in the form of overcharges for Filters. Plaintiff and the Class are threatened with further injury unless Defendants are enjoined from continuing the unlawful conduct alleged herein and from entering into any other combinations, conspiracies or agreements having similar purposes and effects. All Class members were affected in the same manner by Defendants' anticompetitive conduct.

## IX. FRAUDULENT CONCEALMENT, EQUITABLE TOLLING AND CONTINUING VIOLATIONS

48.  Plaintiff and the members of the Class had no knowledge of Defendants' unlawful scheme and could not have discovered Defendants' unlawful conduct at an earlier date by the exercise of due diligence. Defendants affirmatively concealed their illegal acts. As a result of Plaintiff's lack of knowledge of the effects of Defendants' unlawful scheme, Plaintiff asserts the tolling of any applicable statutes of limitations affecting the right of action by Plaintiff and other members of the Class.

49.  Defendants committed numerous additional overt acts in furtherance of their

conspiracy, both within and prior to four years from the date of the filing of this Complaint. Such overt acts include the illegal communications regarding Filter prices described herein.

50.     Therefore, each instance in which Defendants engaged in the conduct complained of herein and each instance in which a member of the Class unknowingly paid supra-competitive prices for Filters constitutes part of a continuing violation and operates to toll any applicable statutes of limitation. Furthermore, Defendants are estopped from relying on any statute of limitations defense because of their unfair and deceptive conduct.

## X. CLASS ACTION ALLEGATIONS

51.     Plaintiff brings this action as a class action pursuant to Rules 23(a), 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure as the representative of the following Class:

> All persons or entities who purchased Filters in the United States directly from the Defendants or any of their parents, affiliates, subsidiaries, predecessors or successors in interest, at any time during the period from January 1, 1999 through the present (the "Class").

52.     Excluded from the Class are Defendants and their officers, directors, management, employees, subsidiaries or affiliates and all government entities.

53.     Plaintiff does not know the exact number of Class members because such information is in the exclusive control of Defendants or their co-conspirators. Due to the nature of the trade and commerce involved, however, Plaintiff believes that there are thousands of Class members who are sufficiently numerous and geographically dispersed throughout the United States such that joinder of all members is impracticable.

54.     Plaintiff is a member of the Class, and Plaintiff's claims are typical of the claims of members of the Class as Plaintiff and all members of the Class are similarly affected by

Defendants' wrongful conduct in violation of the antitrust laws. All members of the Class have paid artificially inflated prices for Filters. Additionally, all members of the Class were harmed because Defendants' anticompetitive practices deprived the Class members of a competitive market for Filters.

55. Plaintiff will fairly and adequately protect the interests of the members of the Class and Plaintiff has retained counsel competent and experienced in the prosecution of class actions and antitrust litigation.

56. Common questions of law and fact exist as to all members of the Class and such questions predominate over any questions solely affecting individual members of the Class. Common questions of law and fact include:

    a. Whether Defendants and their co-conspirators engaged in a conspiracy to fix, raise, maintain and/or stabilize the price of Filters;

    b. Whether Defendants' conspiracy and combinations as alleged in this Complaint are *per se* violations of Section 1 of the Sherman Act, 15 U.S.C. § 1;

    c. Whether Defendants' wrongful conduct caused antitrust injury to Plaintiff and members of the Class;

    d. Whether Defendants' unlawful conduct caused Plaintiff and members of the Class to pay more for Filters than they otherwise would have paid absent Defendants' conduct;

    e. The appropriate Class-wide measure of damages; and

    f. The appropriate scope of injunctive relief.

57. Defendants have acted on grounds generally applicable to the Class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

58. Plaintiff knows of no difficulty that would prevent this case from being maintained as a class action and class action treatment is a superior method for the fair and efficient adjudication of this controversy. Class action treatment will, among other things, allow a large number of similarly situated persons and/or entities to prosecute their common claims in a single forum, thus avoiding the unnecessary duplication of resources that numerous individual actions would require. Moreover, class action treatment allows injured persons the ability to seek redress on claims that might be impracticable to pursue individually.

## XI. COUNT I

### Violation of Section 1 of the Sherman Act (15 U.S.C. § 1)

59. Plaintiff incorporates by reference the above allegations, as though fully set forth herein.

60. As alleged above, from at least January 1, 1999 to the present, Defendants combined and conspired to fix, raise, maintain, and stabilize prices for Filters sold in the United States at artificially inflated levels, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. These agreements among horizontal competitors of Filters affected interstate commerce and are *per se* illegal.

61. Plaintiff and the Class have been injured in their business and property by reason of Defendants' antitrust violations. This injury consists of paying more for Filters than Plaintiff and members of the Class would have paid but for Defendants' illegal conduct. Plaintiff's injury

is the type of injury that the antitrust laws were designed to prevent and Plaintiff's injury flows from that which makes Defendants' conduct unlawful.

## XII. DEMAND FOR JURY TRIAL

62. Plaintiff demands trial by jury on all issues so triable.

## XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the members of the Class, respectfully prays:

a. that the Court determine that this action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and direct that reasonable notice of this action be given to the Class;

b. that the acts alleged herein be adjudged and decreed to be *per se* unlawful restraints of trade in violation of Section 1 of the Sherman Act;

c. that the Class recover three-fold the damages determined to have been sustained by them, and that joint and several judgments be entered against Defendants in favor of the Class;

d. that the Class recover the costs and expenses of suit, pre- and post-judgment interest, and reasonable attorneys' fees as provided by law;

e. that Defendants be enjoined from entering into the unlawful agreements discussed above; and

f. that the Class be granted such other, further relief as may be determined to be just, equitable and proper by this Court.

DATED: May 15, 2008.                Respectfully submitted,

                                    By: _____
                                        James J. Rosemergy
                                        Michael J. Flannery
                                        CAREY & DANIS, LLC
                                        8235 Forsyth, Suite 1100
                                        St. Louis, MO 63105
                                        (314) 725-7700

                                        Marc H. Edelson
                                        EDELSON & ASSOCIATES, LLC
                                        45 West Court Street
                                        Doylestown, PA 18901
                                        (215) 230-8043

                                        Ruthanne Gordon
                                        David A. Langer
                                        BERGER & MONTAGUE, P.C.
                                        1622 Locust Street
                                        Philadelphia, PA 19103
                                        (215) 875-3000

                                        Marc Weinberg
                                        SAFFREN & WEINBERG, LLP
                                        815 Greenwood Avenue
                                        Jenkintown, PA 19046
                                        (215) 576-0100

malta436217-00a.wpd

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
WWD PARTS, INC., d/b/a PARTS FOR IMPORTS, on behalf of itself and all others similarly situated

**(b)** County of Residence of First Listed Plaintiff: Camden County, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Carey & Danis LLC, 8235 Forsyth, Ste. 1100, Clayton, MO 63105
314-725-7700

## DEFENDANTS
CHAMPION LABORATORIES, INC., et al (see attached sheet listing Defendants)

County of Residence of First Listed Defendant: Edwards, Illinois
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1, 15 & 26

Brief description of cause:
price-fixing action for damages and injunctive relief

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ TBD
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE Hon. G. Patrick Murphy
DOCKET NUMBER 3:08cv305

DATE 5/15/08
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**Attachment**

List of all defendants:

Champion Laboratories, Inc.; Purolator Filters N.A., LLC; Honeywell International, Inc.; Wix Filtration Corp., LLC; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Robert Bosch LLC; Mann + Hummell U.S.A., Inc. and ArvinMeritor, Inc.